**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CORRINE HOLSHUE,**         **Plaintiff** | No. 3:04cv2769 |
| **v.** | (Judge Munley) |
| **FANELLI WINDOW PROS., INC.,**         **Defendant** | |

## MEMORANDUM

Before the court for disposition is the defendant's motion for summary judgment in this age discrimination in employment case.  The plaintiff is Corrine Holshue, a former employee of Defendant Fanelli Window Pros, Inc.  The matter has been fully briefed and is ripe for disposition.

**Background**

Fanelli Window Pros employed plaintiff as a telemarketer beginning in February 1999.  Defendant is in the business of sales and installation of windows.  (Pl. Ex. F, 1).  Defendant laid off the plaintiff on May 7, 2003 when plaintiff was forty-nine years of age.  (Def. Ex. A, Pl. Dep. at 26).   Defendant claims that it laid plaintiff off due to lack of work in the telemarketer department. (Def. Ex. B, Dep. Martin Fanelli,  21).   Approximately eight days later, however, defendant placed an advertisement in a local newspaper for a telemarketer position.   Defendant asserts that it did not hire plaintiff for this position because of plaintiff's history as a "troublemaker" and her difficulty getting along with co-workers.  (Id. at 7-8).

Plaintiff claims that she telephoned the defendant and asked about going back to work when the defendant advertised for telemarketers.  Her supervisor, Castellano informed her that she would not be rehired because the company

was "looking for new blood." (Def. Ex. A, Pl. Dep. 66).[1]

Plaintiff subsequently filed the instant action asserting age discrimination in employment. The complaint consists of two counts, Count I based upon the Age Discrimination in Employment Act (hereinafter "ADEA") 29 U.S.C. § 623; and Count II, age discrimination under the Pennsylvania Human Relations Act (hereinafter "PHRA") 43 PENN. STAT. § 951, et seq. At the close of discovery, the defendant moved for summary judgment bringing the case to its present posture.[2]

**Jurisdiction**

As this case is brought under the ADEA we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") We have supplemental jurisdiction over the plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard

---

[1] Castellano does not recall making such a comment, or indeed having this telephone contact with the plaintiff.

[2] We will address the PHRA claim and the ADEA claim together as the same legal standard and analysis applies to both. Glanzman v. Metropolitan Management Corp., 391 F.3d 506, 509 n.2 (3d Cir. 2004). Therefore, for the remainder of the opinion although we will refer to the ADEA, our analysis is also applicable to the PHRA claims.

2

provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. <u>International Raw Materials, Ltd. v. Stauffer Chemical Co.</u>, 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. <u>Anderson</u>, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. <u>Id.</u> Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. <u>Celotex v. Catrett</u>, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. <u>Id.</u> at 324.

**Discussion**

The ADEA prohibits the failure or refusal to hire or to discharge anyone or otherwise discriminate against them in employment because of the individual's age. 29 U.S.C. § 623(a).[3] To fall under the protection of the ADEA, an

---

[3]Specifically the law provides:

3

employee must be forty (40) years of age or over.  29 U.S.C. § 631(a).

The plaintiff in an age discrimination action bears the burden of demonstrating her age actually motivated or had a determinative influence on the decision to terminate her employment or refusal to rehire her.  Metropolitan Management Corp. v. Fries, 391 F.3d 506, 512 (3d Cir. 2004).   To do so, the plaintiff may rely on either direct evidence or indirect /circumstantial evidence.  Id.   In order to meet her burden using direct evidence, the plaintiff must satisfy the test laid out in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), and in order to establish a case based upon indirect/circumstantial evidence the plaintiff must satisfy the three-pronged test first set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Id.  We shall address both of these tests separately.

**I.  Direct Evidence**

Plaintiff claims that she has direct evidence of age discrimination.  Under the Price Waterhouse test, once the plaintiff presents direct evidence of age discrimination, then the employer must establish that it would have terminated plaintiff's employment even if age had not been a consideration.  Id.

"Direct evidence" of discrimination is evidence from which the jury could find that the decision maker's placed a substantial negative reliance on plaintiff's age in deciding to terminate her.  Id.  "Such evidence leads not only to a ready logical inference of bias, but also to a rational presumption that the person

---

"Prohibition of age discrimination
(a) Employer practices
It shall be unlawful for an employer--
(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."
29 U.S.C. § 623(a).

expressing bias acted on it when he made the challenged employment decision." Fakete v. Aetna, Inc., 308 F.3d 335 (3d Cir. 2002).

Plaintiff asserts the following as direct evidence of age discrimination: A week after plaintiff's termination, she noticed an advertisement in the newspaper from the defendant seeking telemarketers. Plaintiff thus asked about being re-hired. Juliann Castellano, the defendant's Telemarketing Manager, informed the plaintiff that she would not be re-hired as they were looking for "new blood." Pl. Ex. B at 66. Plaintiff contends that "Castellano's comment is a well-known, derogatory reference to age and Castellano thereby implicated that she had considered [plaintiff's] age in her decision to discharge [her]. . . . Moreover, this statement is not susceptible to benign interpretation as it expressly contains discriminatory animus." (Doc. 19, Pl. Oppo. Br. at 6). We disagree.

In support of her position, plaintiff cites several cases, but none of them are on point. For example, plaintiff cites the unpublished, non-precedential opinion, Hawkins v. Frank Gillman Pontiac, 102 Fed. Appx. 394 (5th Cir. 2004). Plaintiff contends that this case finds that a supervisors' comment that defendant wanted "new blood" is direct evidence of age discrimination. Plaintiff's position is not supported by a reading of Hawkins. In Hawkins, the use of the phrase "new blood" was not the only indication of age discrimination. In Hawkins, the supervisor said more than that they wanted "new blood," he also specifically said "younger people." Id. at 398. In plaintiff's case, there is no assertion that the defendant's representative stated that they were searching for "younger people." Hawkins, therefore, is not persuasive authority.

The plaintiff also cites Macdonald v. Swedish Health Services, 91 F.3d 153 (Table), No. 95-35272, 1996 WL 366604 (9th Cir. July 1, 1996). This case,

5

however, explains, and we concur, that the term "new blood" is not by itself synonymous with age discrimination.  The court states, "A desire to revitalize the organization with "new blood" is not by itself synonymous with age discrimination. Taken literally, these words suggest that the [employer] wanted to consider outside applicants, both young and old. But as the district court pointed out, the "term 'new blood' frequently connotes the replacement of older employees with younger ones." Id. at * 2.  Because the meaning of the words was ambiguous, the court interpreted them in light of the surrounding circumstances.  The court found no pattern of age-related comments made by the decision makers involved in the layoffs.  Accordingly, the court found that the term "new blood" was *at best* weak circumstantial evidence of age discrimination, and did not support a finding that the employer's reasons for the plaintiff's termination was pretext.  Id.  This case does not provide support for the proposition that the use of the words "new blood" and nothing more is indicative of age discrimination.

    A third case relied upon by the plaintiff is Buckely v. Hospital Corp. of America, Inc., 758 F.2d 1525 (11th Cir. 1985).  Once again, however, the case provides no support for the plaintiff's position.  The employer in that case indicated it wanted "new blood" and intended to recruit younger employees. Id. at 1530.[4]  In the instant case, all that is present is the indication that the

---

[4]A final case cited by the plaintiff is Morris v. NY City Dept. Of Sanitation, in this case, however, the term used was not "new blood" but "younger blood" which by its own terms is indicative of age discrimination.  Morris v. New York City Dept. Of Sanitiation, No. 99 CV 4376, 2003 WL 1739009 (S.D.N.Y. Apr. 2, 2003).  Moreover, the statement was made by one of the employer's decision makers who also made inappropriate comments to plaintiff referring to his age.  In addition, the remarks were made close in time to threats of demotion if employees did not cooperate and retire.  Id.  Thus much more evidence of age

defendant sought "new blood." There was no further comment that they were in fact seeking younger employees.

We find, therefore, that these cases do not support plaintiff's position that she has presented direct evidence of age discrimination. We are in agreement with the Eastern District of Pennsylvania which has explained that "comments that do not relate to age on their face cannot by their very nature constitute direct evidence of age discrimination." Sosky v. International Mill Service, Inc., No. CIV. A. 94-2833, 1996 WL 32139, at * 4 (E.D. Pa. Jan. 25, 1996) aff'd 103 F.3d 114 (3d Cir. 1996) (table). The phrase "new blood" does not on its face relate to age. As the Ninth Circuit indicates, these words merely indicate that the employer seeks applications from those outside of the business, and does not indicate an age preference. Macdonald v. Swedish Health Services, 91 F.3d 153 (Table), No. 95-35272, 1996 WL 366604 (9th Cir. July 1, 1996)

Accordingly, we find that the plaintiff has presented no direct evidence of age discrimination and will proceed to our analysis of the indirect evidence.

## II. Indirect/circumstantial evidence

Circumstantial or indirect evidence of age discrimination can defeat a motion for summary judgment in an age discrimination case where the plaintiff meets the requirements of the burden shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under McDonnell Douglas, the plaintiff must initially make a *prima facie* showing of discrimination. Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 352 n.4 (3d Cir. 1999). A plaintiff can establish a *prima facie* case by demonstrating the following: 1) she is a member of a protected class, i.e., that she was over the age of 40; 2) she is qualified for the position; 3) she suffered an adverse employment decision despite her

---

discrimination is found in Morris than in the instant case.

qualifications; and 4) the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position under circumstances that indicate discriminatory animus.  Sarullo v. United States Postal Service, 352 F.3d 789, 797 (3d Cir. 2003) (citations omitted).  If the plaintiff cannot establish these elements, the defendant is entitled to judgment as a matter of law.  Pivirotto, 191 F.3d at 352 n.4.

If the plaintiff does establish a *prima facie* case, the burden of production shifts to the defendant and it is required to produce some evidence of a legitimate, nondiscriminatory reason for the adverse employment action.  Id. Once the defendant does so, the plaintiff must prove by a preponderance of the evidence that the proffered nondiscriminatory reasons were merely pretext and discriminatory animus was the actual reason for the employment action.  Id.  The plaintiff can create a genuine issue of material fact that the nondiscriminatory explanation is pretext "only if he submits evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action."  Connors v. Chrysler Financial Corp., 160 F.3d 971, 974 n.2 (3d Cir. 1998).

We will first discuss whether the plaintiff has met the *prima facie* case and then analyze the burden shifting.

A.  *Prima facie* case

The parties do not dispute the first three elements of the *prima facie* case. Plaintiff was over forty (40) years of age when she was terminated from her employment,[5] and she was qualified for the job she had performed, telemarketer.

---

[5]Plaintiff was 49 years old at the time of her termination.  (Def. Ex. A, pg.

She suffered an adverse action in that her employment was terminated.

We must determine whether the plaintiff has provided evidence that the employer continued to seek out individuals with qualifications similar to the hers to fill the position under circumstances that indicate discriminatory animus. Sarullo, 352 F.3d at 797.   As set forth above, it is the plaintiff's burden to establish a *prima facie* case.  She has not provided any evidence for us to conclude that the defendant sought out individuals with similar qualifications under circumstances that indicate discriminatory animus.  The evidence she has provided is that a week after she was laid off the employer placed an advertisement in the newspaper seeking applicants for telemarketing positions. No evidence has been presented that those who were hired were younger than her.

The record does reveal, however, that at the time of plaintiff's lay off, the defendant employed other individuals over the age of 40 in the telemarketing department, including, Cheryl Pietrowski, 49 years of age with 14 years of service; Mary Fowly, 54 years old with 12 years of service; Sylvia Bausman, 55 years old with 10 years of service, and Julie Castellano, 49 years old with 5 years of service.  (Def. Ex. C., Castellano Dep. at 25-26).   Plaintiff cites to several employees who were younger than she is but who were retained when she was laid off.  The fact, however, that some employees remained who were younger than plaintiff and some remained who were older is not an indication that age was a factor in who was laid off.

Although, it is not clear who was hired immediately following plaintiff's layoff, at least two individuals over the age of 40 were hired as telemarketers afterwards including one who was 56 and one who was 55 years old. (Id. at 30-

65).

9

31).

Plaintiff attempts to satisfy her *prima facie* case with evidence that the defendant's rationale for her dismissal has changed over time.  She contends first that defendant terminated the plaintiff for lack of work, and then changed its position and claimed that it terminated her for being a troublemaker.  We find no merit to the plaintiff's position as the reasoning provided by the defendant is not inconsistent.  The two reasons for the termination complement each other.  Due to a lack of work, someone had to be laid off, because plaintiff was a troublemaker, she was the one chosen.  Thus, this evidence does not support a finding of age discrimination, especially in light of the fact that so many employees over the age of forty work for the defendant.[6]

---

[6] Plaintiff also seeks to prove her *prima facie* case by establishing that there was no "lack of work."  Therefore, for the defendant to state that she was laid off for lack of work is an indication that the true reason was illegal age discrimination.  We are unconvinced.  Plaintiff cites to the deposition of Beth Showell, another telemarketer for the defendant, to establish that there was no lack of work during this time.   The portions of the Showell's deposition cited by the plaintiff do not support this position.  Plaintiff attempts to find significance in the fact that Showell stated that employees had to work overtime during the relevant time frame.  A review of the testimony, however, reveals that Showell was not speaking of working overtime due to a great amount of work, but working overtime because of problems with the fulling the schedule.  It is unclear from the deposition testimony exactly what that means.  The workers were supposed to stay to "fill the schedule" which evidently means to contact leads and schedule appointments for salesmen.  It can be inferred from the testimony, however, that the schedules were not being filled due to a lack of leads.  (Pl. Ex. E. 10-11).  The telemarketers were being asked to work overtime to complete their usual amount of work because it was difficult to finish due to a lack of leads.  This testimony does not help the plaintiff to raise an inference of age discrimination.

Plaintiff cites to page 6 of this deposition, but has not presented that page for our review.  Plaintiff cites pages 10 - 11 of this deposition for the proposition

Plaintiff also argues that defendant has changed it rationale because at first they claimed they wanted "new blood" when they refused to re-hire her and now their reasoning is that she was a "troublemaker."  We disagree.  Defendant explaining that it was seeking "new blood" does not provide a reason for their decision to hire someone else.  By answering in such a way, the defendant avoids the issue as to why they want someone else.  Later, the explanation was provided as to why they did not want to re-hire plaintiff, because she was a troublemaker

Accordingly, we find that the plaintiff has failed to meet her burden of establishing a *prima facie* case of age discrimination.  She has not established the fourth element, that is that the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position under circumstances that indicate discriminatory animus.  She has presented no evidence whatsoever of discriminatory animus.  Thus, summary judgment is appropriate for the defendant.  See  Pivirotto, 191 F.3d at 352 n.4 (If the plaintiff cannot establish the elements of a *prima facie* case, the defendant is entitled to judgment as a matter of law.)

B. Burden shifting

If plaintiff had met her *prima facie* case, the burden of production would have shifted to the defendant to present a legitimate non-discriminatory reason for its action.  Pivirotto, 191 F.3d at 352 n.4.   We conclude that even if plaintiff had met her burden of establishing a *prima facie* case, summary judgment would nonetheless be appropriate because she does not meet the standard of

---

that business at Fanelli Window Pros remained the same from the day plaintiff was laid off until the advertisement for more telemarketers was placed.  These pages do not support that assertion.

11

establishing that the defendant's proffered legitimate reason for the employment action is merely pretext for discrimination.

The legitimate reason that the defendant has provided for laying off the plaintiff and not re-hiring plaintiff as a telemarketer is that she had a history as a troublemaker in the workplace, and difficulty working with co-workers. (Def. Ex. B, Dep. Marty Fanelli, at 7 - 8, Def. Ex. C, Dep. Julie Castellano, pg. 6-7). Julie Castellano, the Telemarketing Manager, noted that "[P]laintiff was a trouble maker in the department. When she was laid off, it was better for the department for her to be out of the department because all she did was cause problems. She constantly complained about things. She constantly talked about other people. And for the benefit of the company, I did not rehire her." (Def. Ex. C., Dep. Julie Castellano, pg. 6 -7). Plaintiff, according to the defendant, was disruptive and a nuisance in the telemarkerter room. It claims that she fought with fellow employees. Company President, Marty Fanelli, asserts that he spoke with plaintiff several times regarding personal problems in the workplace. (Def. Ex. B., pg. 8, 9).

Plaintiff has not provided sufficient evidence from which a reasonable jury could disbelieve this reason or believe that invidious discriminatory was more likely than not a motivating or determinative cause of the employer's action. Connors, 160 F.3d at 974 n.2. In order to cast doubt on the reason provided by the employer for her termination she cites to what she deems the defendant changing its rationale for defendant's refusal to re-hire her. As discussed above, plaintiff's argument is not convincing.

Accordingly, we find that the plaintiff has not created a genuine issue of material fact with regard to the defendant's nondiscriminatory explanation. Therefore, even if we had held that plaintiff met her *prima facie* case, judgment

in favor of the defendant would nonetheless still be appropriate.

**Conclusion**

Plaintiff in this age discrimination case, has failed to provide direct evidence of discrimination and failed to meet her burden of establishing a *prima facie* case of discrimination.  Taken singly or in combination, the arguments presented by the plaintiff simply raise no inference of age discrimination.  Judgment therefore is appropriate in favor of the defendant.   Even if plaintiff had met the *prima facie* case, judgment in favor of the defendant would still be appropriate as plaintiff has not met the burden of presenting evidence to cast doubt on the defendant's legitimate non-discriminatory reason for the termination.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CORRINE HOLSHUE,** **Plaintiff** | : : : | **No. 3:04cv2769** |
| **v.** | : : | **(Judge Munley)** |
| **FANELLI WINDOW PROS., INC.,** **Defendant** | : : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

    **AND NOW**, to wit, this 16th day of March 2006, the defendant's motion for summary judgment (Doc. 16) is hereby **GRANTED**. The Clerk of Court is directed to enter judgment in favor of the defendant and to close this case.

                                                BY THE COURT:

                                                s/ James M. Munley
                                                JUDGE JAMES M. MUNLEY
                                                United States District Court